***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before the Deputy Commissioner and the briefs and arguments of the parties. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, or rehear the parties or their representatives. Accordingly, the Full Commission affirms the Opinion and Award of Deputy Commissioner Harris.
 ***********
The Full Commission finds as fact and concludes as matters of law the following stipulations of the parties:
 STIPULATIONS
1. On January 16, 2008, Plaintiff was shot to death at work by a former employee. Deceased Plaintiff was survived by his wife, Theresa Scotchie, and four children, Ryan Thomas *Page 2 
Scotchie, born on January 17, 1990, Andrew Albert Scotchie, born on January 17, 1993, Thomas Andrew Scotchie II, born on March 9, 1996, and William Jackson Scotchie, born on September 12, 2000.
2. Deceased Plaintiff's average weekly wage at the time of his death was $4,800.00.
 *********** EXHIBITS
The following documents were accepted into evidence as stipulated exhibits:
 • Exhibit 1: Executed Pre-Trial Agreement;
 • Exhibit 2: Industrial Commission Forms 18, 19, and 61;
 • Exhibit 3: Defendants' discovery responses;
 • Exhibit 4: Industrial Commission Forms 33 and 33R;
 • Exhibit 5: Defendants' supplemental discovery responses;
 • Exhibit 6: Amended Industrial Commission Form 33R; and
 • Exhibit 7: Original of "Notice of Election/Revocation of Coverage" signed by deceased Plaintiff
 ***********
Based upon all of the competent credible evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. As of January 16, 2008, Plaintiff was employed by Defendant-Employer Scotchie Enterprises, Inc. d/b/a Mountain Valley Water as its Vice President.
2. As of March 2007 and January 16, 2008, Ms. Connie Scotchie was the President of Defendant-Employer, and Mr. Andrew Scotchie was the Secretary/Treasurer. At all relevant *Page 3 
times, Ms. Scotchie, Mr. Scotchie, and Plaintiff made up the entirety of Defendant-Employer's three-member Board of Directors and were the only three executive officers of Defendant-Employer.
3. Article V, Section I of Defendant-Employer's by-laws, specifically gives the Corporation the ability to elect a Vice President.
4. Article V of Defendant-Employer's by-laws establishes that the President "shall supervise and control all of the business and affairs of the corporation," while the Vice President "shall perform such other duties as from time to time may be assigned to him by the President or Board of Directors."
5. Ms. Scotchie, as the President of the Corporation, delegated to Plaintiff the responsibility for overseeing the day-to-day operation of Defendant-Employer, which included securing workers' compensation insurance. As part of the duties delegated to Plaintiff, Plaintiff was required to secure and oversee Defendant-Employer's insurance needs.
6. Plaintiff had the authority to exclude Defendant-Employer's corporate officers from coverage under Defendant-Employer's workers' compensation insurance policy. Mr. Scotchie and Ms. Scotchie agreed with Plaintiff's decision to exclude such coverage for the corporate officers. Both explained that revoking workers' compensation coverage for the officers was a cost-effective business decision; both confirmed that the corporate officers had been excluded in the past because coverage for them was too expensive.
7. Mr. Scotchie introduced Plaintiff to Ms. Mickey Freeman, an insurance broker, so that Plaintiff could secure workers' compensation insurance coverage for Defendant-Employer. On March 14, 2007, in his capacity as Vice President, on behalf of the Corporation, Plaintiff completed an application for workers' compensation insurance. The application lists the *Page 4 
applicant as Mountain Valley Water. On page three of the application, signed and dated by Plaintiff, all three officers of Defendant-Employer were specifically named as excluded individuals. Only the salaries of drivers, storage, clerical, addressing, and mailing employees were listed in the "Rating Information Box" on the application. Plaintiff signed and dated the application on March 14, 2007, in Ms. Freeman's presence. Ms. Freeman relied upon Plaintiff's authority to act on behalf of and bind the corporation.
8. Each corporate officer signed and dated, along with his or her printed name and title, a Revocation of Coverage on March 14, 2007. Each revocation included a checked box for the statement, "I do hereby elect to be exempt from the workers' compensationcoverage provided by the carrier listed below. I agree that this exemption shall continue in effect until such time as I, the undersigned, give the carrier written notice to the contrary." While the revocation form may not itself exclude the officers from the workers' compensation policy, it does show that the officers, including Plaintiff, acknowledged and agreed to the exemption.
9. Torrin Durham, an underwriter with Defendant-Carrier, reviewed and approved Defendant-Employer's application and issued a workers' compensation insurance policy on March 17, 2007, incorporating the information contained in the application and revocations. In the policy, the named insured was Mountain Valley Water, and each of the officers was specifically named under the "Partners, Officers and Other Exclusion Endorsement," which stated that "the policy does not cover bodily injury to any person described in this Schedule. The premium basis for policy does not include remuneration of such persons." In the "Endorsement Summary", all three officers were specifically listed as being exempt from coverage beginning March 14, 2007. Only the salaries of drivers, storage, clerical, addressing, and mailing employees were included in the policy's "Estimated Premium Summary Statement." *Page 5 
10. Defendant-Employer operated under the workers' compensation insurance policy issued on March 14, 2007 by Defendant-Carrier as set forth above for nearly a year before Plaintiff was killed. During that time, none of the officers gave written notice to Defendant-Carrier or Ms. Freeman of his or her intent to revoke his or her exclusion from coverage under the policy.
11. The Full Commission finds based upon the greater weight of the evidence that under his authority as Vice President and acting on behalf of the Corporation, Plaintiff secured a workers' compensation insurance policy effective March 17, 2007, in which Plaintiff and the other corporate officers were properly excluded from coverage.
12. The Full Commission finds that Plaintiff agreed and intended to be excluded from the Defendant-Employer's workers' compensation insurance coverage.
 ***********
Based upon the foregoing Stipulations and Findings of Fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. N.C. Gen. Stat. § 97-2(2) provides that:
 Any . . . executive officer of a corporation may, notwithstanding any other provision of this Article, be exempt from the coverage of the corporation's insurance contract by such corporation's specifically excluding such executive officer in such contract of insurance, and the exclusion to remove such executive officer from the coverage shall continue for the period such contract of insurance is in effect, and during such period such executive officers thus exempted from the coverage of the insurance contract shall not be employees of such corporation under this Article.
2. The North Carolina Business Corporation Act establishes that "(t)he bylaws of a corporation may contain any provision for managing the business and regulating the affairs of *Page 6 
the corporation." N.C. Gen. Stat. § 55-2-06. Pursuant to Defendant-Employer's bylaws, the authority to obtain workers' compensation insurance coverage on behalf of Defendant-Employer was delegated to Plaintiff as Vice President by its President.
3. Defendant-Employer, through the authority given to Plaintiff as the Vice President, applied for an obtained a workers' compensation insurance policy that excluded the officers of the Corporation. N.C. Gen. Stat. § 97-2(2). Pursuant to N.C. Gen. Stat. § 97-2(2), Plaintiff was not an employee of Defendant-Employer for purposes of the Workers' Compensation Act at the time of his death. Therefore, Plaintiff is not entitled to benefits under the Workers' Compensation Act. Id.
4. Defendants also asserted that Plaintiff's death did not arise out of his employment and made a Motion for directed verdict at the hearing to that effect. Because this matter is disposed of on the grounds set out above, these matters are not reached herein.
 ***********
Based upon the foregoing Stipulations, Findings of Fact, and Conclusions of Law the Full Commission enters the following:
 ORDER
1. Plaintiff's claim for compensation for death under the North Carolina Workers' Compensation Act is hereby denied, as Plaintiff was lawfully exempt from coverage under Defendant-Employer's workers' compensation insurance policy at the time of his death.
2. Each side shall bear its own costs.
This the 17th day of March 2011.
 S/___________________ STACI T. MEYER COMMISSIONER
CONCURRING:
 S/_____________ DANNY L. McDONALD COMMISSIONER
 S/_____________ CHRISTOPHER SCOTT COMMISSIONER